# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01805-COA

**ROBERT L. SPOTSWOOD**                                           **APPELLANT**

v.

**LORI DANIEL SPOTSWOOD**                                         **APPELLEE**

DATE OF JUDGMENT:              09/27/2013
TRIAL JUDGE:                   HON. RAY HILLMAN MONTGOMERY
COURT FROM WHICH APPEALED:     RANKIN COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        SHARON PATTERSON THIBODEAUX
ATTORNEY FOR APPELLEE:         JEFFREY BIRL RIMES
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:       DENIED WIFE'S REQUEST FOR
                               SEPARATE MAINTENANCE AND
                               ORDERED HUSBAND TO REIMBURSE
                               WIFE FOR HEALTH-INSURANCE
                               PREMIUMS AND PAY ONE-HALF OF
                               MORTGAGE PAYMENTS
DISPOSITION:                   REVERSED AND RENDERED – 09/01/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND FAIR, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     In this appeal, this Court is asked to decide whether, after denying Lori Spotswood's request for separate maintenance, the Chancery Court of Rankin County erred in ordering her husband, Robert Spotswood, to reimburse her for health insurance premiums and to pay one-half of the monthly mortgage payment for the marital home.

¶2.     Finding that the chancery court erred, we reverse its judgment and render judgment

in Robert's favor.

FACTS

¶3.     Robert filed a complaint for divorce, and Lori filed a counterclaim, requesting separate maintenance. Upon motion by Robert, the chancery court dismissed his complaint. Trial was held on the issue of separate maintenance, and the chancery court denied Lori's counterclaim. However, the court ordered Robert to reimburse Lori for his insurance premiums that she pays through her employment and to pay one-half of the mortgage payments for the marital home that Robert and Lori jointly own. We collectively refer to the reimbursements and the mortgage payments as "the payments." Robert appeals from the judgment ordering him to make the payments.

DISCUSSION

¶4.     The standard of review of a chancery court's decree is abuse of discretion. *McNeil v. Hester*, 753 So. 2d 1057, 1063 (¶21) (Miss. 2000) (citation omitted). "[F]or questions of law, the standard of review is de novo." *Id.* (citation omitted).

¶5.     On appeal, Robert argues that the chancery court committed reversible error in ordering him to make the payments because, in doing so, it essentially granted Lori's request for separate maintenance after finding that she was not entitled to it. He also argues that Lori was not entitled to separate maintenance because she significantly contributed to the separation. In response, Lori points out that Robert testified that he was willing to reimburse her for the insurance premiums. She argues that although the chancery court denied her request for separate maintenance, it exercised its inherent equitable powers when it ordered

2

Robert to pay one-half of the mortgage payments in order to "protect[] Robert's equitable interest in the marital home through[out] the separation." Lori asks this Court to "affirm the equitable power of [the] chancery court to fashion an appropriate remedy[.]"

¶6.     In the final judgment, the chancery court found that Robert and Lori were equally at fault for the separation. The court also found that Robert should reimburse Lori for the monthly health insurance premium that she pays, through her employment, for his health coverage and one-half of the mortgage payment for the marital home. In an order of clarification, the court left in place the previously ordered payments but specifically found that Lori was not entitled to separate maintenance.

¶7.     In *Pool v. Pool*, 989 So. 2d 920, 927 (¶¶20-21) (Miss. Ct. App. 2008) (internal citations and quotation marks omitted), this Court stated:

> Separate maintenance is [a] court[-]created equitable relief based upon the marital relationship. The purpose of a decree for separate maintenance is to compel the husband to resume cohabitation with his wife or to provide for her separate maintenance. . . . The [chancery court] *may* award separate maintenance when (1) the parties have separated without [substantial] fault by the [requesting party;] and (2) the [nonrequesting party] has willfully abandoned the [requesting party] and [has] refused to [provide] support [therefor].

(Emphasis added).

¶8.     For a chancery court to award separate maintenance, it must first find that the aforementioned requirements have been met. Once those requirements are met, then the court *may*, in its discretion, award support. However, if the court finds that separate maintenance is unwarranted, it cannot, in the name of equity, do an end-run around what the law forbids by ordering one spouse to undertake certain financial obligations for the benefit

of the other spouse. In this case, because the chancery court found that Lori was not entitled to separate maintenance, the chancery court lacked the authority to order Robert to make the payments.

¶9. To be clear, we do not address the issue of whether the chancery court erred in denying Lori separate maintenance, as that issue is not before this Court. Nor should anything in this opinion be interpreted as holding that Lori is required to continue to pay Robert's insurance premiums or the entire mortgage payment without reimbursement from Robert. As to the latter, the mortgage contract dictates the obligations of the parties. We only hold that the chancery court erred as a matter of law in ordering Robert to make the payments after denying Lori's request for separate maintenance. Accordingly, we reverse the chancery court's judgment as to the payments and render judgment in favor of Robert.

¶10. **THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

4